UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY LYDON BENJAMIN | : |
| Plaintiff, | : |
| v. | : C.A. No.:   1:17-cv- |
| FREMONT INVESTMENT & LOAN, LITTEN LOAN SERVICING, LP, OCWEN LOAN SERVICING, LLC | : |
| Defendants. | : |

**DEFENDANTS' NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441, et seq., Defendants, Ocwen Loan Servicing, LLC ("Ocwen"), and Litton Loan Servicing, LP[1] ("Litton") ("collectively Defendants"), by and through their undersigned counsel, for the purpose of removing this case to the United States District Court for the District of Massachusetts, respectfully state:

**1.    State Court Action.**  Plaintiff, Anthony Lydon Benjamin ("Plaintiff"), filed a *Complaint,* ("*Complaint*") against Ocwen and Litton on or about February 1, 2017[2] in the Superior Court of the Commonwealth of Massachusetts, Norfolk County, being Civil Action No.: 1782CV00147, on the docket of said Court. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in this case are attached hereto as **Exhibit A**.

**2.    Federal Jurisdiction.**  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

---

[1] Improperly pled as "Litten Loan Servicing, LP".

[2] The Superior Court case was dismissed on or about June 20, 2017, for failure to make service. Plaintiff's Motion to Vacate Judgment of Dismissal was allowed on or about July 28, 2017, and Plaintiff was given until September 11, 2017, to make service on all defendants.

  a. Plaintiff resides in Milton, Massachusetts. *Complaint* ¶ 1.

  b. At the time Plaintiff filed the Complaint and up through the date of removal, Ocwen, has been, and is currently, a citizen of the U.S. Virgin Islands for purposes of diversity jurisdiction. Ocwen is a limited liability company. The citizenship of a limited liability company is determined by the citizenship of the members of the entity. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). Ocwen's sole member is Ocwen Mortgage Servicing, Inc., which is incorporated in the U.S. Virgin Islands, with its principal place of business in Frederiksted, U.S. Virgin Islands. Accordingly, Ocwen is a citizen of the U.S. Virgin Islands for purposes of diversity jurisdiction. 28 U.S.C. § 1441(c)(1).

  c. Litton is a limited partnership organized under the laws of Delaware. Its sole general partner is Ocwen Capital Management, LLC, whose sole member is Ocwen Financial Corporation. Its sole limited partner is Ocwen Loan Servicing, LLC. Accordingly, Litton is a citizen of U.S. Virgin Islands.

  d. On information and belief, Fremont Investment & Loan ("Fremont") ceased operations on or before July 25, 2008 per the records of the Federal Deposit Insurance Corporation, but before ceasing operations was an industrial bank chartered by (and therefore incorporated in) the State of California.[3] A state bank is a citizen of the state in which it is incorporated and the state where it has its principal place of business[4]. On information and belief, Freemont Investment &Loan was a citizen of California, as that was its state of incorporation and its principal place of business.

---

[3] See **Exhibit C**.

[4] *Cf Wachovia v. Schmidt*, 546 U.S. 303, 306 (2006).

e. Plaintiff and each of the Defendants are thus completely diverse, and no Defendant is a citizen of Massachusetts. 28 U.S.C. §§ 1332(a)(1); 1441(b).

f. Plaintiff acquired title to real estate located at 10 Lothrop Avenue, Milton, Massachusetts (the "Property") on or about September 23, 2005 by Deed recorded in the Norfolk County Evidence of Land Records ("Land Records") in Book 22934 at Page 25. *Complaint* ¶ 1. On or about September 23, 2005, Plaintiff granted a mortgage ("*Mortgage*") in the amount of $340,800 to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Fremont and its successors and assigns, which *Mortgage* is recorded in the Norfolk County Land Evidence Records ("Land Records") in Book 22934 at Page 27 and Book 22934 at Page 47. *Complaint* ¶ 1.

g. MERS as nominee for Fremont assigned the *Mortgage* to HSBC Bank USA, National Association, as Trustee for Fremont Loan Trust 2005-E, Mortgage-Backed Certificates, Series 2005-E ("HSBC as Trustee") on September 9, 2014, recorded in the Land Records in Book 32560 at Page 199.

h. The property was sold at foreclosure auction on November 17, 2016, to HSBC Bank as Trustee for $428,000. The foreclosure deed is recorded in the Land Records at Book 34756 at Page 280.

i. The amount in controversy exceeds $75,000.00 in that the Plaintiff, as former owner of the Property, seeks, *inter alia*, an order rescinding the foreclosure.

j. The most recent Property Record available on the Town of Milton, Massachusetts' website for the Property reflects that that the Property has an assessed value of $387,800. A copy of the Property Record Card is attached hereto as **Exhibit B**. 28 U.S.C. § 1332(a).

- 4 -

**3.     Proper Venue.**  This court is the proper district court for removal because the Norfolk County Superior Court is located within the United States District Court for the District of Massachusetts.

**4.     Timeliness of Removal Petition.**  Plaintiff filed this Complaint on or about February 1, 2017.  The Defendants have not yet been served with the Complaint, or any process, pleadings or orders in the state court action.   Removal of this action is therefore timely under 28 U.S.C. § 1446(b).

**5.     Compliance.**  Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court for Norfolk County, where this action is pending and will serve such notice on Plaintiff in compliance with 28 U.S.C. §1446(d).  Certified copies of the entries in the Superior Court docket will be filed in connection with Defendants' Local Rule 81.1(a) submission.

**6.     Relief Requested.**  Defendants respectfully request that the United States District Court for the District of Massachusetts accept this Notice of Removal, and that it assume jurisdiction of this cause of action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

Respectfully submitted,

**OCWEN LOAN SERVICING, LLC and LITTON LOAN SERVICING, LP**

By their Attorneys,
LOCKE LORD LLP


/s/ Krystle G. Tadesse.
Krystle G. Tadesse (BBO #673899)
Meredith B. Renner (BBO #666185)
2800 Financial Plaza
Providence, RI 02903-2499
401.274.9200
401.276.6611 (fax)
krystle.tadesse@lockelord.com
meredith.renner@lockelord.com

and

Donald E. Frechette (BBO # 547293)
LOCKE LORD LLP
20 Church Street, 20th Floor
Hartford, CT 06103
(860) 525-5065
(860) 527-4198 (Fax)
donald.frechette@lockelord.com

DATED:  September 12, 2017

AM 67080810.4

## **CERTIFICATE OF SERVICE**

   I, the undersigned, hereby certify that on the 12th day of September, 2017, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

                /s/ Krystle G. Tadesse.
                Krystle G. Tadesse