UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANTHONY LYDON BENJAMIN | : | |
| Plaintiff, | : | |
| v. | : | C.A. No.: 1:17-cv-11727 |
| FREMONT INVESTMENT & LOAN, LITTEN LOAN SERVICING, LP, OCWEN LOAN SERVICING, LLC | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

Defendants, Ocwen Loan Servicing, LLC ("Ocwen") and Litton Loan Servicing, LP[1] ("Litton"), hereby submits this memorandum of law in support of their *Motion to Dismiss* the *Complaint* ("*Complaint*") of the plaintiff Anthony Lydon Benjamin ("Plaintiff").[2] In sum, the *Complaint*, which contains no counts or causes of action, fails to meet the pleading standard of *Fed. R. Civ. P.* 8(a)(2). Even most generously construed, the allegations of the *Complaint* advance no legally cognizable causes of actions and thus fail to state a claim upon which relief can be granted pursuant to *Fed. R. Civ. P.* 12(b)(6). Accordingly, the *Complaint* should be dismissed in its entirety.

---

[1] Improperly pleaded as "Litten Loan Servicing, LP".

[2] Defendants do not concede that they have been properly served with the *Complaint* and the filing of this *Motion to Dismiss* should not be construed to waive any service-related defenses Defendants may have.

AM 67201537.2

## INTRODUCTION

Plaintiff filed the *Complaint* in the Superior Court of Massachusetts, County of Norfolk, on or about February 1, 2017. The Superior Court entered a judgment of dismissal on or about June 20, 2017, based on Plaintiff's failure to timely serve the defendants. On or about July 28, 2017, the Superior Court granted Plaintiff's motion to vacate the judgment of dismissal and allowed Plaintiff until September 11, 2017, to serve the defendants. Defendants timely removed the action to this Court on September 12, 2017. [ECF No. 2].

## FACTS

The following facts are alleged in the *Complaint*, or set forth in "documents the authenticity of which are not disputed by the parties, official public records, documents central to the plaintiff's claim, and documents sufficiently referred to in the complaint." *Wilborn v. Walsh*, 584 F. Supp. 2d 384, 386 (D. Mass. 2008) (quoting *Watterson v. Page*, 897 F.2d 1, 3-4 (1st Cir. 1993)).[3]

Plaintiff purchased real property located at 10 Lothrop Avenue, Milton, Massachusetts (the "Property") on September 23, 2005. *Compl.* ¶ 1; *see also* Exhibit A hereto. On that same day, Plaintiff granted a mortgage lien (the "*Mortgage*") in the amount of $340,800.00 to Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as nominee for co-defendant Fremont Investment & Loan ("Fremont") and its successors and assigns, encumbering the Property. *Compl.* ¶ 1; *see also* Exhibit B hereto. The *Complaint* alleges that Plaintiff was told that that the Property was worth much more than he paid, that he could soon refinance and lower

---

[3] The facts, as set forth herein, are, as they must be, taken in the light most favorable to Plaintiff for the purpose of Defendants' *Motion to Dismiss*, but are neither admitted nor denied by way of this filing by Defendants.

2

his payments, and that he could "take money out of the loan for home repairs." *Compl*. ¶ 1. At some point, Litton and then Ocwen began servicing the *Mortgage*. *Id.* ¶ 7.

On or about September 9, 2014, MERS assigned the *Mortgage* to HSBC Bank USA, National Association, as Trustee for Fremont Home Loan Trust 2005-E, Mortgage-Backed Certificates, Series 2005-E ("HSBC Bank as Trustee"), "c/o Ocwen." *See* Exhibit C hereto. At some point, Plaintiff defaulted on his obligations under the *Mortgage* and a foreclosure sale was scheduled, notice of which was sent to Plaintiff and published. *See* Exhibit D hereto. On or about November 17, 2016, HSBC Bank as Trustee, through its servicer, Ocwen, foreclosed on the Property.[4] *Compl.* ¶ 2; *see also* Exhibit E hereto.

The *Complaint* alleges that Ocwen, its assigns, nominees, or legal counsel never provided any notice of the foreclosure sale.[5] *Compl.* ¶¶ 2, 3. It further alleges that Plaintiff (at an unspecified time) was "in the modification process" and he had submitted "a loan package," which he supplemented with additional documents when he was advised (by an unspecified individual) that documents were missing. *Id.* ¶ 4. He alleges that he then never received any communication with respect to his modification application. *Id.* ¶ 4. The *Complaint* goes on to

---

[4] The *Complaint* refers to Ocwen as "the holder" of the *Mortgage* at the time of foreclosure. *Compl.* ¶ 2. As set forth in the recorded Affidavit Regarding Note Secured by Mortgage to Be Foreclosed MGL c. 244 sec. 35C, HSBC Bank as Trustee was both the foreclosing mortgagee and holder of the *Note* secured by the *Mortgage*. *See* Exhibit F hereto. *See Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 32 (1st Cir. 2000) (stating that the court may consider a document integral or explicitly relied upon in the complaint and that when the document contradicts allegations in the complaint, the document trumps the allegations); *see also Henning v. Wachovia Mortg., FSB*, 969 F. Supp. 2d 135, 147 (D. Mass. 2013) (At "the motion to dismiss stage this Court may take notice of public documents, such as the mortgage and note here, which bear on the merits of [plaintiff's] claims [and] . . . [w]hen such documents contradict allegations in the complaint, the documents trump the allegations.")

[5] As noted, and more fully addressed below, the publically recorded Affidavit of Sale Under Power of Sale in Mortgage, attached hereto as Exhibit D, demonstrates that Ocwen provided proper notice of the foreclosure sale, and Plaintiff's contradictory suggestion otherwise should be disregarded. *See Clorox Co. Puerto Rico*, 228 F.3d at 32; *Henning,* 969 F. Supp. 2d at 147.

AM 67201537.2

allege that Plaintiff requested a statement of account from the "mortgage holder" to determine how three payments were applied, to which he never received a response to. *Id.* ¶ 5. Plaintiff further claims that under Chapter 93A, "all lenders associated with this transaction" acted in bad faith and engaged in deceptive practices by providing misinformation, neglecting to provide information, levying fees, and implementing predatory interest rates "outside of the agreed contract." *Id.* ¶ 6. Finally, Plaintiff alleges that Fremont, Litton and Ocwen failed to properly account for his *Mortgage* payments. *Id.* ¶ 7.

The Complaint <u>does not</u> contain a single count or cause of action. It simply contains the above-summarized seven paragraph factual recitation. *See generally Compl.* It then contains a requested "Remedy," which includes damages in the amount of $700,000, rescission of a foreclosure judgment entered by the Land Court on November 17, 2016,[6] an order compelling the mortgage holder/lender to negotiate a plan to resolve the *Mortgage* deficiency, a cessation of the eviction/foreclosure action, and a cessation of any interference with peaceful use and enjoyment of the Property. *Compl.,*Remedies.

## STANDARD OF REVIEW

*Fed. R. of Civ. P.* 8(a)(2) sets forth the minimum pleading requirements. Where a complaint fails to meet such requirements, dismissal for failure to comply with Rule 8 is appropriate. *Szulik v. State St. Bank & Trust Co.*, 935 F. Supp. 2d 240, 253 (D. Mass. 2013).

Dismissal pursuant to *Fed. R. Civ. P.* 12(b)(6) is appropriate when a complaint fails to allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 570 (2007). Facial plausibility requires factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[6] It is unclear what Land Court judgment to which Plaintiff refers.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  On a motion to dismiss, the court must presume that all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party.  *Fitzgerald v. Harris*, 549 F.3d 46, 52 (1st Cir. 2008).  In contrast, legal conclusions are not entitled to a presumption of truth, and a plaintiff's factual allegations must constitute "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.  This Court is not required to "credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, or subjective characterization, optimistic predictions, or problematic suppositions."  *Gagliardi v. Sullivan,* 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Wash. Legal Found. v. Mass. Bar Found.*, 993 F.2d 962, 971 (1st Cir. 1993)) (internal quotations omitted).

## ARGUMENT

### I.   THE *COMPLAINT* IS INADEQUATELY PLEADED UNDER RULE 8.

*Fed. R. of Civ. P.* 8(a)(2) states that a "pleading that contains a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  To satisfy this requirement, the complaint must "give the defendant fair notice of the claim and its factual basis," and "possess enough heft to 'sho[w] that the pleader is entitled to relief.'"  *S.E.C. v. Tambone*, 550 F.3d 106, 118 (1st Cir. 2008) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and *Twombly*, 550 U.S. at 557).  It further must afford the defendant a "meaningful opportunity to mount a defense."  *Benyamin v. Commonwealth Med. UMass Med. Ctr., Inc.*, No. CIV.A. 11-40126-FDS, 2011 WL 2681195, at *2 (D. Mass. July 6, 2011).  Where a complaint is "confused, ambiguous, vague, or otherwise unintelligible," dismissal for failure to comply with Rule 8 is appropriate.  *Szulik* 935 F. Supp. 2d at 253.

Although a court must construe a *pro se* plaintiff's complaint liberally, *pro se* plaintiffs are not excused from compliance with the *Federal Rules of Civil Procedure*. *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) ("[P]ro se status does not insulate a party from complying with procedural and substantive law."). If a *pro se* plaintiff's complaint fails to comply with the "short and plain statement" requirement, the court may dismiss it. *Kuehl*, 8 F.3d at 908.

Here the *Complaint* fails to set forth a "short and plain" statement demonstrating an entitlement to relief. The *Complaint* does not contain a single cause of action or count levied against any of the three defendants. It instead contains a seven-paragraph "factual" recitation, in which Plaintiff lobs general allegations at no party in particular relating to everything from the original terms of the *Mortgage* to how his payments were applied. These statements are vague, disjointed and conclusory, and, importantly, untethered to any actual cause of action against Defendants. This hardly constitutes fair notice to Defendants of Plaintiff's claims and their factual basis. Accordingly, the *Complaint* should be dismissed for failure to comply with *Fed. R. Civ. P.* 8(a)(2).

While Defendants respectfully submit that this Court need go no further, to the extent the *Complaint* can arguably be construed as advancing any actual causes of actions, such claims nonetheless fail.

**II.    TO THE EXTENT THE *COMPLAINT* IS CONSTRUED TO ALLEGE THAT PLAINTIFF DID NOT RECEIVE NOTICE OF THE FORECLOSURE SALE, THE COMPLAINT FAILS TO STATE A CLAIM.**

The *Complaint* alleges that Ocwen, its assigns nominees, or legal counsel never provided Plaintiff with any notice of the foreclosure sale. *Compl.* ¶¶ 2, 3. As applies to this matter, *Mass. Gen. Laws* ch. 244, § 14 provides that a mortgagee, prior to foreclosing pursuant to a mortgage's

power of sale, must publish a notice of the sale once in each of three successive weeks, and send by registered mail notice of the sale to the owner at least 14 days prior to the date of sale.

Plaintiff alleges that Ocwen never provided such notice, however, as attested to in the publically recorded Affidavit of Sale Under Power of Sale in Mortgage, attached hereto as Exhibit D, Ocwen provided proper notice of the foreclosure sale both by way of publication and to Plaintiff individually. This Court need not credit Plaintiffs' unsubstantiated allegation otherwise, which is contradicted by documents in the public record to which the *Complaint*, as a general matter, refers. *See Clorox*, 228 F.3d at 32 *; Henning,* 969 F. Supp. 2d at 147.

### III. TO THE EXTENT THE *COMPLAINT* ALLEGES A CHAPTER 93A VIOLATION, IT FAILS TO STATE A CLAIM.

Insofar as the *Complaint* is construed as asserting a claim for relief under *Mass. Gen. Laws* ch. 93A, it fails. Plaintiff claims that under Chapter 93A, "all lenders associated with this transaction" acted in bad faith and engaged in deceptive practices by providing misinformation, neglecting to provide information, levying fees, and implementing predatory interest rates "outside of the agreed contract." *Compl.* ¶ 6. Putting aside whether such allegations could give rise to a viable Chapter 93A claim, the *Complaint* fails to allege that Plaintiff sent a demand letter to Defendants 30 days prior to filing suit. Prior to filing suit under Chapter 93A, the party asserting the claim is required to send a demand letter to the prospective defendant:

> At least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair and deceptive or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent.

*Mass. Gen. Laws* ch. 93A, § 9(3); *Rodi v. Southern New England School of Law*, 389 F.3d 5, 19 (1st Cir. 2004) (statutory notice "is not a mere procedural nicety, but, rather a 'prerequisite to suit.'") (quoting *Entrialgo v. Twin City Dodge, Inc.*, 368 Mass. 812, 812 (1975)); *Lingis v.*

7

*Waisbren*, 75 Mass. App. Ct. 464, 468 (2009) (overturning judgment on the Chapter 93A claim because "there was no evidence that a G.L. c. 93A demand letter had been sent ***before the complaint was filed***" and a demand letter is a "***condition precedent*** to commencing an action under G.L. c. 93A, § 9.") (emphasis supplied).  Limited exceptions to the demand letter requirement are contained in Chapter 93A, including the provision that a demand letter is not required "if the claim is asserted by way of counterclaim or cross-claim." *Id.*  Here, Plaintiff dose not plead that he satisfied the demand letter requirement or that he is exempt from the demand letter requirement (this action is neither a counterclaim nor a cross-claim, so the exceptions are inapplicable).  Thus, the *Complaint* must be dismissed to the extent that it attempts to set forth a cause of action pursuant to Chapter 93A.

**IV.   THE *COMPLAINT* FAILS TO STATE A CLAIM FOR BREACH OF GOOD FAITH AND REASONABLE DILIGENCE BECAUSE MASSACHUSETTS LAW DOES NOT REQUIRE A MORTGAGEE TO DELAY FORECLOSURE WHILE A LOAN MODIFICATION APPLICATION IS PENDING.**

The *Complaint* alleges that at some unspecified point in time he was "in the modification process" and he never received any final communication with respect to his application. *Compl.* ¶ 4.  To the extent that Plaintiff suggests that the foreclosure sale should not have occurred while he was allegedly attempting to secure a loan modification, such claim also fails.

Under Massachusetts law, "a mortgagee in exercising a power of sale in a mortgage must act in good faith and must use reasonable diligence to protect the interests of the mortgagor." *Figueroa v. Fed. Nat'l Mortg. Ass'n*, No. CIV.A. 12-11290-RWZ, 2013 WL 2244348, at *4 (D. Mass. May 20, 2013) (*quoting West Roxbury Co-op Bank v. Bowser*, 87 N.E.2d 113, 115 (Mass. 1949)).  However, "the duty of good faith and reasonable diligence <u>does not </u>require a mortgagee to refrain from foreclosure while a mortgagor's application for a loan modification is pending."

*Figueroa*, 2013 WL 2244348, at *4 (emphasis added); *MacKenzie v. Flagstar Bank, FSB*, 738 F.3d 486, 493 (1st Cir. 2013); *see also Peterson v. GMAC Mortg., LLC*, No. 11–11115-RWZ, 2011 WL 5075613, at *6 (D. Mass. Oct. 25, 2011) ("Under Massachusetts case law, absent an explicit provision in the mortgage contract, there is no duty to negotiate for loan modification once a mortgagor defaults." (*citing Carney v. Shawmut Bank, N.A.*, No. 07–P–858, 2008 WL 4266248, at *3 (Mass. App. Ct. 2008))).  Therefore, even assuming Plaintiff had a loan modification application pending at the time the Property was foreclosed; the *Complaint* fails to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons and for those which may be advanced at oral argument, Defendants' motion to dismiss should be granted in its entirety, with prejudice, and judgment should be entered for Defendants.

Respectfully submitted,

**OCWEN LOAN SERVICING, LLC and LITTON LOAN SERVICING, LP**

By their Attorneys,
LOCKE LORD LLP


/s/ Krystle G. Tadesse.
Krystle G. Tadesse (BBO #673899)
Meredith B. Renner (BBO #666185)
2800 Financial Plaza
Providence, RI 02903-2499
401.274.9200
401.276.6611 (fax)
krystle.tadesse@lockelord.com
meredith.renner@lockelord.com

and

Donald E. Frechette (BBO # 547293)
LOCKE LORD LLP
20 Church Street, 20th Floor
Hartford, CT 06103
(860) 525-5065
(860) 527-4198 (Fax)
donald.frechette@lockelord.com

DATED: September 19, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of September, 2017, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

/s/ Krystle G. Tadesse.
Krystle G. Tadesse